### JOHN WILLIAMS v. THE STATE.

#### No. 4034. Decided April 5, 1916.

#### Rehearing denied May 3, 1916.

1.—Murder—Evidence—Confession.

Where, upon. trial of murder, the confessions of the defendant were in accordance with the statutory requirements, there was no error in admitting them in evidence.

2.—Same—Requested Charge—Manslaughter.

Where, upon trial of murder, the issue of manslaughter was not raised by the evidence, there was no error in refusing a requested charge thereon.

Appeal from the District Court of McLennan. Tried below before the Hon. Nat Harris, Special Judge.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*T. Edgar Johnson,* for appellant.—On question of manslaughter: Swain v. State, 48 Texas Crim. Rep., 98; Miller v. State, 52 id., 72; Green v. State, 58 id., 428.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of confession: Gentry v. State, 24 Texas Crim. Rep., 80; Williams v. State, 19 id., 276.

HARPER, JUDGE.—Appellant was convicted of murder and his punishment assessed at death.

There are but two bills of exception in the record. The first complains of the action of the court in admitting the confession of appellant in evidence. Assistant County Attorney Woods took the statement, and he testified to a state of facts which rendered it admissible. At the beginning of the confession is the following warning: "I, John Williams, being under arrest and charged with the offense of murder and being warned by D. C. Woods, Asst. Co. Atty. that I do not have to make any statement at all in reference to said charge, and that any statement I make may be used in evidence against me on my trial for the offense concerning which my confession is herein made, do freely, voluntarily and without compulsion of persuasion make to the said D. C. Woods the following statement and confession:" Then follows the confession in which appellant admits having shot the deceased. Under such circumstances there was no error in admitting the confession in rebuttal of the evidence given by appellant on the trial.

The only other bill complains of the action of the court in refusing a special charge reading as follows: "Gentlemen of the jury: You are instructed that if you believe from the evidence that the defendant, John Williams, was under the apprehension of death or great physical danger when he fired the shot that killed Allison Criner, then you can not find the defendant guilty of an offense greater than manslaughter." There is no basis in the testimony for such charge, and no testimony that would raise the issue of manslaughter. Consequently there was no error in refusing to give such instructions

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 3, 1916.—Reporter.]